IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:10cv0097 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| LARRY ROBERTS, JIM REAVES, AND | * | |
| JIM WASELUES, INDIVIDUALLY and d/b/a | * | |
| RAZORBACK PIZZA; and RAZORBACK | * | |
| PIZZA, LLC., an unknown business entity | * | |
| d/b/a RAZORBACK PIZZA, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff J & J Sports Productions, Inc., a commercial distributor of sporting events, brings this action against Larry Roberts, Jim Reaves, and Jim Waselues, individually and d/b/a Razorback Pizza, and Razorback Pizza, LLC., an unknown business entity d/b/a Razorback Pizza, alleging defendants unlawfully exhibited one of plaintiff's licensed programs in violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 *et seq.*, and the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553 *et seq.* Plaintiff also asserts a state law claim of conversion.[1]

The following motions are before the Court: (1) plaintiff's motion to strike the affirmative defenses of separate defendant Jim Reaves [doc.#16]; and (2) Reaves's motion to

---

[1] On June 2, 2010, plaintiff voluntarily dismissed without prejudice Larry Roberts, individually and d/b/a Razorback Pizza.

dismiss plaintiff's claims against him [doc.#18].  Reaves has responded in opposition to plaintiff's motion to strike his affirmative defenses and, alternatively, moves for leave to file an amended Answer [doc.#17], and plaintiff has responded in opposition to Reaves's motion to dismiss and Reave's alternative motion for leave to file an amended Answer.  For the reasons that follow, the Court denies without prejudice plaintiff's motion to strike Reaves's affirmative defenses, denies Reaves's motion to dismiss plaintiff's claims against him, and grants Reave's alternative motion for leave to file an amended Answer.

I.

Plaintiff states that it was granted the exclusive nationwide commercial distribution rights to *"The Epic Battle Continues": Kelly Pavlik v. Jermain Taylor II, WBC Super Middleweight Championship Fight Program,* telecast nationwide on Saturday, February 16, 2008 (hereinafter the "Program"), and that its distribution rights encompassed all undercard events as well as the main event.  Plaintiff states that pursuant to the contract granting it distribution rights, plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program.  Plaintiff states that without its authorization, defendants unlawfully intercepted and exhibited the Program at their commercial establishment in Morgan, Arkansas (located at 20704 Highway 365 North, Morgan, Arkansas 72113).  Plaintiff subsequently filed this action against defendants for violations of 47 U.S.C. § 605 *et seq.* and 47 U.S.C. § 533 *et seq.*, as well as a cause of action for conversion under Arkansas law.

Separate defendant Reaves filed an Answer denying the allegations raised by plaintiff in its Complaint and also set forth certain affirmative defenses.  Plaintiff then filed its motion to strike Reaves's affirmative defenses, and Reaves filed his motion to dismiss and alternative

motion for leave to file an amended Answer.

## II.

### A.

Plaintiff moves to strike Reaves's affirmative defenses on grounds that Reaves has offered nothing but a bare bones list of affirmative defenses without any facts that connect those defenses to the instant case. In response, Reaves moves for leave to file an amended Answer that purports to correct the deficiencies in the original Answer. Having considered the matter, the Court will allow Reaves leave to file an Amended Answer and will deny without prejudice plaintiff's motion to strike. Plaintiff may refile its motion to strike Reaves's affirmative defenses upon filing of the amended Answer should plaintiff still maintain Reaves's affirmative defenses are deficient.

### B.

One of Reaves's affirmative defenses, and the basis of his motion to dismiss plaintiff's claims against him, is that plaintiff failed to serve the Complaint against him until approximately 146 days after the filing of this action. Plaintiff acknowledges that the Complaint was served after the expiration of the 120 day period specified in Fed.R.Civ.P. 4(m) (setting forth a 120-day time limit for service), but argues there is good cause and at least excusable neglect for the Court to extend the deadline for service such that service may be considered timely.

"[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal General Avaiation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

Thus, Rule 4(m) grants discretion to a district court to extend the time for service of process even where there is no good cause shown. *Id.* *See also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (under the "...1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'.... The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.") (quoting Fed.R.Civ.P. 4(m) Adv. Comm. Notes)). To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect. *Colasante v. Wells Fargo Corp.*, 81 Fed.Appx. 611, 613 (8th Cir. 20023). *See also Kurka v. Iowa County, Iowa*, — F.3d —, 2010 WL 5093624, at *3 (8th Cir. Dec. 15, 2010).

Plaintiff submits a declaration (which Reaves does not controvert) in which it states that it attempted to serve Reaves on May 24, 2010, which was within the 120 deadline established by Rule 4(m), but that the address that plaintiff had for Reaves was invalid. Plaintiff states that although plaintiff"s process server normally provides specific notification that the defendant was not found, on this occasion he attached the form to an invoice mailed on June 11, 2010. Plaintiff states that five days after receiving notice that Reaves was not served, on June 16, 2010, plaintiff sent a new request to the process server with a new address for Reaves and that Reaves was served shortly thereafter.

Given plaintiff's allegations concerning the omissions of the process server, an argument can be made that there was good cause for plaintiff's failure to complete service in a timely fashion. *See Kurka*, 2010 WL 5093624, at *3 (good cause is likely, but not always, to be found when *inter alia* the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server). But even if good cause has not been

shown, the Court finds that plaintiff has shown excusable neglect.

Factors the Court may consider in determining whether neglect is excusable include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay [the critical factor], including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'Ship*, 507 U.S. 380, 395 (1993)). "'[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id*. *See also Kurka*, 2010 WL 5093624, at *3.

Based on the foregoing, it is clear that plaintiff attempted to serve Reaves within the time allotted under Federal Rule 4(m). There is nothing indicating bad faith on the part of plaintiff or an attempt to obtain an advantage over Reaves. Rather, the failure to serve Reaves was due, at least in part, to administrative errors on the part of plaintiff's process server. Those errors were cured in a timely manner and there was no prejudice to Reaves or adverse impact on these judicial proceedings.

Accordingly, plaintiff having shown excusable neglect, the Court extends the time for plaintiff to serve the Complaint to and including July 8, 2010, the date Reaves was served [doc.#13], and denies Reaves's motion to dismiss this action for failure to timely effect service of process.

III.

For the foregoing reasons, the Court denies without prejudice plaintiff's motion to strike Reaves's affirmative defenses [doc.#16], denies Reaves's motion to dismiss plaintiff's claims

against him [doc.#18], and grants Reave's alternative motion for leave to file an amended Answer [doc.#17].

IT IS SO ORDERED this 21st day of December 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE